[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint dated October 9, 1991, the plaintiff commenced this action seeking a decree dissolving the partnership, appointment of a receiver and such other appropriate relief. The defendants answered on January 27, 1992. The issues having been joined the matter was tried to the court on July 20, 1994.
Based on a preponderance of the credible, relevant and legally admissible evidence, the court finds the facts, concludes and rules as follows:
The plaintiff, Grant Westerson, and the defendants, Vincent Coccoli and James Gardella, by oral agreement in December, 1986, formed a partnership known as G.C.W. Associates (GCW). The plaintiff would hold a 10% interest in the partnership while the defendants would each be entitled to a 45% interest.
The partnership had a principal place of business at Fery Road in Old Saybrook, Connecticut, and its principal asset was certain real estate located adjacent to the Connecticut River.
Title to the premises was initially attained by the defendants on December 30, 1986, with the Connecticut Bank Trust Company as mortgagee.
In June of 1988, the defendants transferred the property to GCW and refinanced the property with a mortgage to the Connecticut CT Page 9463 Bank Trust Company, which refinancing essentially paid off the purchase money mortgage to the seller and reimbursed the defendants their initial contributions to the original purchase.
From the inception of the partnership, it was the understanding and expectation of the partners that the subject property would be taken by the State of Connecticut for the purposes of construction of the new Baldwin Bridge. It was the intention of the parties that the property would be held for the purpose, the marina on the subject premises would be leased to a corporate entity operating the marina and that upon the taking, the proceeds would be divided among the parties.
On April 18, 1989, a Certificate of Condemnation was filed by the State of Connecticut, which certificate was amended on June 29, 1989. The gross proceeds of the taking was $4,200,000.00.
The court expressly finds that it was the intention of the parties, that the partnership would terminate at the close of 1989 and that distributions would be made of the partnership assets and the profit from the State's taking. From such sums all liabilities were paid and partial distribution was made to the partners.
The condemnation proceedings together with other assets of the partnership, less payment of debts and return of capitol contributions, and partial profit distributions resulted in a debt, due the plaintiff, in the amount of $110,235.00. During early 1990 and into the summer of 1990, the plaintiff continued to make requests for payment of the balance of his capital account. No payment was forthcoming from the defendants, though there were ongoing discussions and acknowledgment by the defendant's of a debt due.
During this same period, and the court expressly finds, that without the knowledge of the plaintiff, the defendants undertook to purchase other real estate in New York State. The defendants never advised the plaintiff that they intended to use all of the remaining proceeds of the sale of the Old Saybrook property for the purposes of the purchase of the Glen Cove Marina. Indeed, without the plaintiffs consent or knowledge the defendants had already used $200,000.00 of the condemnation proceeds as an escrow deposit for said purchase, as of late 1989.
The defendants motivation for failing to acknowledge the CT Page 9464 termination of the partnership was their attempt to avoid capital gain taxes owed to the Internal Revenue Service.
The court finds that the defendants without the knowledge, consent or authorization of the plaintiff, express or implied, applied the partnership assets and proceeds to their own personal use and gain to the detriment of the plaintiff.
The court finds that GCW was a partnership that existed, by oral agreement, from December of 1986 to December of 1989. The sole purpose of the partnership was to hold certain real estate until it was taken by condemnation by the State of Connecticut and thereupon distributions would be made of the partnership assets and proceeds of the State taking. In short, the partnership was to continue only during the period necessary for the condemnation to be completed and the net proceeds distributed to the partners. The court finds that the partnership was a single transaction arrangement akin to a joint venture. When the goal was reached, to wit, the taking by the State, the partnership was ended and the proceed to be distributed.
Accordingly, pursuant to General Statute Section 34-60(b) and 34-81 the plaintiff is entitled by the partnership agreement, and because of the termination of the partnership at the conclusion of its limited purpose, to a formal accounting the partnership affairs.
The court funds that the partnership was, by the terms of the partnership agreement, terminated in December of 1989 and that the plaintiff is entitled to recover as his interest in the partnership the sum of $110,235.00.
Therefore judgment may enter declaring that the partnership was terminated in December of 1989 and that the plaintiff, Grant Westerson is to recover of the defendants Vincent Coccoli and James Gardella the sum of $110,255.00, plus interest at 10% from January 1, 1990, plus costs of suit including fees for the court ordered accounting in this matter.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 9465